Fidelity and Deposit Company of Maryland v. S. K. Seymour.

Decided January 17, 1902.

1.—Garnishment Against Two—Causes Not Joint—Docketing.

Where an application for garnishment against two parties alleged that both owed the defendant debtor, and asked that writ of garnishment be issued to each of such parties, but without allegation of a joint indebtedness or joint possession of effects, the clerk of court was not authorized to docket the two separate causes as one suit.

2.—Same—Judgment Final.

The two causes in garnishment having been improperly docketed as one suit, and one of the parties having answered therein, a judgment against it was final, although there was no disposition as to the other party who did not answer and was not required to answer.

Error from Colorado. Tried below before Hon. James C. Wilson.

*Bullitt & Louis,* for plaintiff in error.

*W. L. Adkins and Geo. McCormick,* for defendant in error.

PLEASANTS, Associate Justice.—This is a garnishment proceeding. The defendant in error being a judgment creditor of the firm of Buffington & Coverdill in the sum of $1816.30, applied for and procured the issuance of a writ of garnishment against the plaintiff in error and against A. G. Robb. The application for garnishment is in usual form, and alleges that the applicant "has reason to believe and does believe that A. G. Robb and the Fidelity and Deposit Company of Maryland are both indebted to said Buffington & Coverdill, or have in their hands effects belonging to said defendants," and asks that a writ of garnishment be issued to each of said parties.

The writs were issued as prayed for and served upon Robb individually and as agent of plaintiff in error. The district clerk entered the proceeding on the docket of the court as one suit under the style "S. K. Seymour v. A. G. Robb and the Fidelity and Deposit Company of Maryland." At the term of the court to which the writs were returnable, plaintiff in error answered denying that it was indebted to said Buffington & Coverdill or had any effects of said firm in its possession. This answer was controverted by the defendant in error, and upon the issue thus made the cause was tried and judgment rendered for defendant in error for the amount due him on his judgment against Buffiington & Coverdill. A. G. Robb, not being a resident of Colorado County when the writ wes served upon him and not being required to answer thereto, filed no answer and defendant in error made no application for a commission to require him to answer said writ, and did nothing indicating any intention to further proceed against said Robb, but no motion was made to have his name stricken from the style of the cause as it appeared upon the docket of the court.

Briefly stated the material facts proven on the trial are as follows:

The defendant in error had obtained a judgment in the District Court of Colorado County against Buffington & Coverdill from which the said Buffington & Coverdill had appealed, and in order to secure the plaintiff in error, who was security on said appeal bond, had turned over to A. G. Robb, agent of plaintiff in error, $735 in cash, besides a lot of notes and accounts and certain property consisting in part of a stock of lumber situated in a lumber yard owned and operated by said Buffington & Coverdill in the town of Rock Island, in Colorado County. The lumber and the lots on which the yard was situated was sold by said Robb, and the proceeds of same amounted to the sum of $3118.47. The judgment against Buffington & Coverdill was affirmed on appeal, and there was due defendant in error on said judgment the amount adjudged by the court below against plaintiff in error. A. G. Robb, as general agent of the plaintiff in error at the time the writ of garnishment was served on him as such agent, had in his hands of the proceeds of the sale of said lumber a sum largely in excess of the amount due defendant in error on said judgment against Buffington & Coverdill. Robb testified that the lumber was not turned over to him as agent of plaintiff in error, but that he took charge of and sold same in his individual capacity, and now holds the proceeds of said sale in such capacity and not as the agent of plaintiff in error. This testimony is contradicted by all the other evidence in the case, and the trial court is abundantly sustained in his finding that it is not true.

Plaintiff in error presents but two assignments. The first assignment is as follows: "The court erred in rendering and entering final judgment in the above .cause against plaintiff in error, because A. G. Robb was a party defendant in said cause, and the same was in no way disposed of as to said A. G. Robb, and only one final judgment could be rendered therein."

The application far garnishment does not allege that A. G. Robb and plaintiff in error are jointly indebted to the said Buffington & Coverdill or that they are jointly in possession of property belonging to said defendants. Writs of garnishment are asked to issue to each of them. There being no cause of action asserted against said garnishees jointly, the clerk had no authority to docket the two separate causes asserted in the application for garnishment as one suit. Conceding that the separate causes of action asserted against each of said parties were such that the separate suits might have been consolidated and tried as one, the record shows that this was not done nor attempted to be done, and could not have been done for the reason that A. G. Robb was not required to answer and did not answer the writ served upon him in his individual capacity. The controverting affidavit filed by the defendant in error asserts no claim against said Robb in his individual capacity, and the whole record abundantly shows that said Robb in his individual capacity was not a party to this proceeding as same was presented and tried in the court below, and the mere fact that the clerk had erroneously placed his name

on the docket as one of the parties will not vitiate the judgment, because no disposition of the cause is made as to him. The judgment is a final judgment and disposes of all the actual parties to the cause before the court.

The second assignment complains of the judgment as being unsupported by the evidence. It is unnecessary to discuss this assignment, as the facts above found by us as disclosed in the record fully support the judgment of the court below. We are of the opinion that the overwhelming preponderance of the evidence sustains the findings of the trial court, and the judgment of said court should be in all things affirmed and it is so ordered.

<em>Affirmed.</em>